[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER RE: CREDENTIALS FILE
This is a medical malpractice case against defendant Billy C. Johnson, M.D., with an additional count for negligent credentialing against the defendant Johnson Memorial Hospital. Dr. Johnson has moved for a protective order precluding disclosure of the contents of his credentialing file at Johnson Memorial Hospital based on the privilege set forth in Connecticut General Statutes (C.G.S.) § 19a-17b, which establishes a privilege for the proceedings of a Medical Review Committee CT Page 11732 conducting a peer review, which privilege insulates such proceedings from disclosure in a civil action. The motion for protective order is denied in part and granted in part.
The defendants, who had the burden of proving the applicability of the above cited statute to this file have not met their burden. The court has reviewed the file in camera and finds that the file submitted to the court is nothing but an acquisition of data by the Credentials Committee together with correspondence between the hospital and the defendant Dr. Johnson concerning his application for privileges at the defendant hospital.
Nowhere in the file is there any evidence of "proceedings" of this committee. There is nothing which shows that the Credentials Committee even made a recommendation, but rather suggests that the Credentials Committee simply forwarded the data they had collected up the chain of command, as described in the supplemental brief and affidavit in support of the motion for protective order filed by the defendant hospital. While the Credentials Committee was chaired by a physician and, according to the bylaws, consisted of other physicians as members, most of the contents of the file are correspondence to various officers of the hospital, including administrative staff members, none of whom, as far as the court can glean from the submissions by the defendants, were members of the Credentials Committee. The strong public policy to provide unfettered freedom to evaluate peers in an atmosphere of complete confidentiality is inapplicable here since the credentialing file is nothing more than a catchall for whatever the hospital kept after Dr. Johnson got temporary, and then "active" privileges at the hospital. While there are documents that plaintiff will certainly find interesting, included among the items for which privilege is claimed are copies of the doctor's medical license, prescription drug authorizations, and numerous other obviously unprivileged items. Therefore, since the court finds that the file submitted to it for in camera review contains no proceedings of a Medical Review Committee in this case, it is not protected from disclosure simply because it is a credentialing file.
The difficult issue of whether a credentialing process (placed in the definition of Medical Review Committee in C.G.S. § 19a-17b(a)(4) at the end of the definition, rather than in the section of the definition of Medical Review Committee dealing with peer review topics) is at any time entitled to the peer review privilege set forth in § 19a-17b is an issue that will have to await another day.
Disclosure of the file, with the exception of the materials protected in the remaining part of this opinion, is ordered within 30 days, unless CT Page 11733 within that time the defendants, or either of them, submits a motion for a protective order concerning the confidentiality and the publication of the documents by plaintiffs' counsel. The court will consider such a confidentiality order particularly with review to documents which disclose patient's identity. The court notes that these documents were provided by the defendant Dr. Johnson to the Credentials Committee, but is nonetheless willing to consider restricting the use of these documents by plaintiffs' counsel in view of their sensitive nature. Any such motion for protective order should be document specific.
Another interesting issue which the court does not need to reach is whether, in the context of a suit against the hospital for negligently giving Dr. Johnson credentials to practice medicine at its hospital, the defendant hospital is entitled to protect the very documentation upon which a decision maker will probably have to rely to determine whether or not the defendant hospital did appropriately credential the doctor.
Item 42 of the documents provided to the court for in camera review contains, (as listed on the amended privilege summary provided by the hospital on June 26, 2001) 72 pages of data from the National Practitioner Data Bank. This information is protected by 42 U.S. Code 11137(b) which provides that "information reported under this subchapter is considered confidential and shall not be disclosed . . . nothing in this subsection shall prevent the disclosure of such information by a party which is otherwise authorized, under applicable State law, to make such disclosure." The court rules that the plaintiff needs to show some provision of State law to overcome the federal confidentiality provisions with respect to National Practitioner Data Bank reports. Such a legislative enactment has not been found by the court or by counsel. Therefore, Item 42 is not disclosable and the motion for protective order is granted as to number 42.
Although not entitled to the privilege claimed by the defendant hospital, Items 30 and 31 are not ordered disclosed for the simple reason that they deal with events some two years after the events complained of in the complaint and is therefore totally irrelevant.
Koletsky, J.